**Armada MILES, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 82–429–N.**

United States District Court,
M.D. Alabama, N.D.

March 14, 1986.

Legal Services Corp., of Alabama, Lawrence F. Gardella, Montgomery, Ala., for plaintiff.

John C. Bell, U.S. Atty., Calvin C. Pryor, Asst. U.S. Atty., Montgomery, Ala., for defendant.

## MEMORANDUM OPINION
## AND ORDER

HOBBS, Chief Judge.

This cause is now before the Court on defendant's motion, filed January 30, 1986, to affirm the Secretary's decision and on plaintiff's renewed application for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), filed February 4, 1986. On January 20, 1983, this Court remanded this cause to the Secretary for a determination of whether the Administrative Law Judge (ALJ) applied the proper legal standard in giving "no significant weight" to plaintiff's complaints of pain. On May 17, 1984, the ALJ decided on remand that plaintiff's entitlement to disability ended on June 30, 1981. The ALJ's decision was appealed to the Appeals Council, who refused to accept the ALJ's decision and instead concluded that although plaintiff was not disabled because of pain, she was disabled and continued to be disabled as a result of severe muscle weakness and fatigue. Accordingly, the Appeals Council authorized the continuance of plaintiff's disability insurance benefits and Supplemental Security Income benefits.

The Secretary now has complied with 42 U.S.C. § 405(g) and *Taylor v. Heckler,* 778 F.2d 674 (11th Cir.1985) by filing with the Court a copy of the Appeals Council's final decision to continue plaintiff's benefits. Upon consideration of the Appeals Council's decision, filed January 30, 1986, it is hereby ORDERED, ADJUDGED and DECREED that said decision is due to be and is hereby affirmed.

Because plaintiff's application for attorney fees has now been filed within thirty days of this final judgment, said application is timely even though the Appeals Council made its final decision on September 24, 1984. *See Taylor v. Heckler,* 778 F.2d 674. Accordingly, the Court now will address plaintiff's application for attorney fees.

## FACTS

The facts are set forth in this Court's Memorandum Opinion of January 20, 1983.

## DISCUSSION

■ The primary purpose of the EAJA is "to ensure that [private parties] will not be deterred from seeking review of, or defending against, unjustified governmental action because of the expense involved in securing the vindication of their rights." H.R.Rep. No. 120, 99th Cong., 1st Sess. 4, *reprinted in* 1985 U.S.Code Cong. & Ad. News 132, 132–33. Congress also desired to discourage federal agencies from taking frivolous positions. *Photo Data, Inc. v. Sawyer,* 533 F.Supp. 348, 352 n. 7 (D.D.C. 1982). To achieve these goals, the EAJA allows an award of attorney's fees to a party who prevails in a civil action against a federal agency "unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Clearly, plaintiff is a prevailing party within the meaning of the EAJA, but the EAJA does not reveal what proof is necessary for the Secretary to meet his burden of showing a substantial justification for his position. When the EAJA was originally passed, Congress made it clear that the "test of whether or not a government action is substantially justified is essentially one of reasonableness. Where the government can show that its case had a reasonable basis both in law and fact, no award will be made." H.R.Rep. No. 1418, 96th Cong., 2d Sess. at 10, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4953, 4989. Furthermore, the legislative history of the original EAJA indicates that Congress did not intend to raise a presumption that the government's position was not substantially justified merely because the government lost its case. *See* H.R.Rep. No. 1418 at 11, *reprinted in* 1980 U.S.Code Cong. & Ad. News 4953, 4990; S.Rep. No. 253, 96th Cong., 2d Sess. at 7. Congress also did not intend to require the government to prove that its decision to litigate was based on a substantial probability of prevailing, *id.,* and the cases have consistently followed

these congressional directives. *See, e.g.,* *Ashburn v. United States,* 740 F.2d 843, 850 (11th Cir.1984); *Matthews v. United States,* 713 F.2d 677, 683 (11th Cir.1983); *Albrecht v. Heckler,* 765 F.2d 914 (9th Cir. 1985); *Guthrie v. Schweiker,* 718 F.2d 104, 108 (4th Cir.1983); *Couch v. Secretary of Health and Human Services,* 749 F.2d 359, 360 (6th Cir.1984) (per curiam).

■ But the House Judiciary Committee Report describing the 1985 amendments to the EAJA seems to reject this case law and Congress' previous intent. The report states:

> Several courts have held correctly that "substantial justification" means more than merely reasonable. Because in 1980 Congress rejected a standard of "reasonably justified" in favor of "substantially justified," the test must be more than mere reasonableness.
>
> Especially puzzling, however, have been statements by some courts that an administrative decision may be substantially justified under the Act even if it must be reversed because it was arbitrary and capricious or was not supported by substantial evidence. Agency action found to be arbitrary and capricious or unsupported by substantial evidence is virtually certain not to have been substantially justified under the Act. Only the most extraordinary special circumstances could permit such an action to be found to be substantially justified under the Act.

H.R.Rep. No. 120, 99th Cong., 1st Sess. 9–10, *reprinted in* 1985 U.S.Code Cong. & Ad.News 132, 138 (footnotes omitted).

If this committee report accurately reflects Congressional intent, the government now must demonstrate more than mere reasonableness to satisfy the "substantially justified" standard and will be required to pay the attorney fees of its opponent every time the government loses, no matter how close the issues were.

However, this Court does not believe the language in the House Judiciary Committee Report adequately represents the Congressional intent behind the EAJA. In a

statement to Congress a month after the committee report was published, Representative Kindness of the House Judiciary Committee stated:

> [T]he committee's report ... would tend to mislead those uninitiated in the lore of the substantial evidence rule ... Substantial justification is a different and lesser standard than the substantial evidence standard applied in a review of administrative proceedings. The government may still prove that its position was substantially justified even if the court does not believe that the case on the merits was supported by "substantial evidence on the record as a whole."

131 Cong.Rec. 4763 (daily ed. June 24, 1985) (statement of Rep. Kindness). Congressman Kindness' statement was joined by Representative Moorehead, ranking minority member of the relevant Judiciary Committee Subcommittee and Representative Kastenmeier, the Subcommittee Chairman. *Id.* Furthermore, Congressman Kindness solicited any contrary views, but not one representative voiced disagreement with his assessment of the report.

Similar views to those of Representatives Kastenmeier, Kindness and Moorehead were expressed on the Senate Floor by Senator Strom Thurmond, Chairman of the Judiciary Committee:

> [T]he issues (sic) of "substantial justification" relative to the fee award is a separate and distinct inquiry from whatever standard of review has been applied to the merits of the case. Therefore, there could be cases where an agency loses on the merits because a court has found its action to be arbitrary and capricious, but where no attorney fees would be awarded because the Government was substantially justified in the position it had taken.

131 Cong.Rec. S 9993 (daily ed. July 24, 1985). Senator Thurmond's comments were mirrored by those of Senator Grassley, who in response to a question posed by Senator Domenici regarding the "substantial justification" standard stated:

I want to make it clear that the EAJA case over the fees issue is a separate and distinct inquiry. Just because an agency loses on the merits of the case doesn't mean that it is automatically going to be liable for a fee award. The EAJA does not provide for automatic fee shifting. *Id.* Again, it is significant that not one Senator voiced agreement with the House of Judiciary Committee Report's stand on this issue.

Moreover, President Reagan emphasized upon signing the 1985 amendments that

it is my understanding in signing the bill that the Congress recognized the important distinction between the substantial justification standard in the fee proceeding and a court's finding on the merits that an agency action was arbitrary and capricious or not supported by substantial evidence. The substantial justification standard is a different standard, and an easier one to meet....

The Equal Access to Justice Act was never intended to create an automatic fee award every time the Government loses a case. The current bill is true to that principle.

Thus, the House Judiciary Committee's views which appear to be contrary not only to prior cases but also to the House and Senate reports accompanying original passage in 1980 of the EAJA, were harshly criticized on the floor of both the House and Senate and were found not to be representative of legislative intent by the President when he signed the final bill. Accordingly, the term "substantially justified" should not be given any different meaning under the new EAJA than the courts and Congress gave it previously. No presumption arises that merely because the government loses a case its position was not "substantially justified."

■ The Court is of the opinion that the Secretary's position in this case was reasonable and therefore substantially justified. This Court expressly noted in its January 20, 1983 opinion that the September, 1981 evaluation of plaintiff by her treating physician, Dr. Drewry, "would provide a basis for the decision of the ALJ." In that report, Dr. Drewry stated that in September, 1981, plaintiff required no medication, she could perform all the requirements for sedentary work, and possibly all the requirements for light work (R. 179, 180). Although Dr. Drewry also said plaintiff would require rehabilitation efforts, he seemed to reach that conclusion because of plaintiff's lack of training in sedentary or light work, rather than because of her medical condition (R. 181). Thus, Dr. Drewry's evaluation provided sufficient factual support for the government's position to prohibit an award of fees.

Plaintiff also contends that the Secretary's position was not substantially justified because no affirmative showing of medical improvement was shown as now required by *Simpson v. Schweiker,* 691 F.2d 966 (11th Cir.1982). However, *Simpson* had not been decided in March, 1982 when the Secretary made her final decision. Moreover, Dr. Drewry did indicate that plaintiff's condition had improved (R. 180–81). Therefore, the Secretary's position also had a reasonable basis in law, and plaintiff's application for attorney fees under the EAJA is due to be and is hereby denied. The Secretary failed to meet his burden of proof, but his position was nonetheless substantially justified.