Ruby May HADDEN, Plaintiff,

v.

Otis R. BOWEN,[1] Secretary of Health and Human Services, Defendant.

No. NC 85–0001J.

United States District Court, D. Utah, N.D.

Oct. 1, 1986.

On Motion to Alter or Amend Feb. 6, 1987.

_____

1. Margaret Heckler, rather than Otis Bowen, was Secretary when this action first began.

Michael E. Bulson, Ogden, Utah, for plaintiff.

Gregory C. Diamond, Asst. U.S. Atty., Salt Lake City, Utah, for defendant.

JENKINS, Chief Judge.

This is an action for attorney's fees under the Equal Access to Justice Act (EAJA) following plaintiff's successful action for disability benefits.

Ruby May Hadden applied for disability benefits in September 1983, claiming to have been disabled since July 1980 by alcoholism, seizures, mental retardation, personality disorder syndrome and degenerative disc disease. That application and Ms. Hadden's request for reconsideration were denied in late 1983. Upon Ms. Hadden's request, a hearing before an administrative law judge was held on April 10, 1984. The ALJ ruled that Ms. Hadden was not disabled, based on two findings: First, that her impairment did not meet or exceed any of the impairments listed in the Social Security Administration regulations, 20 C.F.R. § 404, subpart P, appendix 1 (1984) and second, that she was capable of returning to her past work as a maid or dishwasher. The Appeals Council denied further review in October 1984 and Ms.

Hadden thereupon sought review in this court.

This court referred that case to the magistrate in January 1985. In his Report and Recommendation the magistrate found that the ALJ did not have substantial evidence to find that Ruby Hadden was capable of working as a maid or a dishwasher. Ms. Hadden's back problems, the magistrate noted, would preclude her from performing the lifting, walking and standing required of either a maid or a dishwasher. Moreover, the ALJ had failed to consider the effect that Ms. Hadden's mental problems might have on her ability to do these jobs. This court adopted the Report and Recommendation and then remanded the case to the Secretary for further proceedings.[2] A second ALJ determined in January 1986 that, based on a new listing of impairments promulgated in August 1985, 20 C.F.R. § 404 subpart P, appendix 1 (1985), Ms. Hadden's mental and personality disorders constituted impairments sufficient to demonstrate that she was disabled within the meaning of the Social Security Act.

■ Ms. Hadden is now before this court requesting an award for her attorney's fees under the EAJA. That law reads, in pertinent part:

[A] court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The parties do not dispute the fact that Ms. Hadden is a prevailing party or that she has timely

---

2. The case was remanded "to allow the Secretary to attempt to meet her burden of proof and to complete the sequential evaluation of plaintiff's disability claim." Magistrate's Report and Recommendation at 13. The agency's sequential evaluation of claims of disability is set out at 40 C.F.R. § 404.1520. Under that regulation a person with a serious impairment that does not meet or exceed any of the listed impairments must be evaluated as to her ability to perform past relevant work or other work in light of her age, education and past work experi-

ence. *See Tillery v. Schweiker,* 713 F.2d 601 (10th Cir.1983). Therefore, the case was to be examined for more evidence on the question of Ms. Hadden's ability to perform housekeeping or dishwashing or a finding of whether or not Ms. Hadden was capable of other work. *See* 20 C.F.R. §§ 404.1520(e), (f). Because in the interim the governing regulations had been amended so that Ms. Hadden's mental problems now constituted a listed impairment, the second ALJ did not determine the questions for which the case was remanded.

complied with all procedural prerequisites to an award of attorney's fees under the EAJA. Thus, the only issue in this case is whether the government has shown its position to have been "substantially justified." [3]

■ In this circuit the term substantial justification essentially requires an inquiry into reasonableness. *Wyoming Wildlife Federation v. United States,* 792 F.2d 981, 985 (10th Cir.1986); *United States v. 2,116 Boxes of Boned Beef,* 726 F.2d 1481, 1486 (10th Cir.) *cert. denied,* 469 U.S. 825, 105 S.Ct. 105, 83 L.Ed.2d 49 (1984).[4] While this proposition has been somewhat obscured in the legislative history surrounding recent amendments to the EAJA,[5] it remains the most logical construction of the Act.

3. "Once it has been established that plaintiffs are prevailing parties, the burden shifts to the Government to prove that it was substantially justified...." *Wyoming Wildlife Federation v. United States,* 792 F.2d 981, 985 (10th Cir.1986). *Accord, Cinciarelli v. Reagan,* 729 F.2d 801, 804 (D.C.Cir.1984); *Cornella v. Schweiker,* 728 F.2d 978, 983 (8th Cir.1984); *Spencer v. NLRB,* 712 F.2d 539, 557 (D.C.Cir.1983).

4. Actually, the standard of substantial justification may be "slightly more stringent than reasonableness". *Spencer v. NLRB,* 712 F.2d 539 (D.C.Cir.1983). In *United States v. 2,116 Boxes of Boned Beef,* the Tenth Circuit, adopting the reasoning of the *Spencer* case, implicitly recognized that in "borderline cases" a standard of merely reasonableness may not be "adequate and appropriate". 726 F.2d at 1486–87, n. 11.

This view, that substantial justification means at least reasonableness or perhaps something more, is compatible with that expressed in the committee reports accompanying the original bill and its amendments. The House Report on the 1985 amendment to the EAJA cited with approval those cases holding that "substantial justification" "means more than merely reasonable." H.R.Rep. No. 120, 99th Cong., 1st Sess. 9–10, *reprinted in* 1985 U.S.Code Cong. & Ad. News, pp. 132, 138. That report also cited the fact that in considering the original bill the Senate Judiciary Committee rejected an amendment that would have changed the words "substantially justified" to "reasonably justified". H.R.Rep., *supra,* at 9–10, *citing* S.Rep. No. 253, 96th Cong., 1st Sess. 1, 8 (1979), 1985 U.S.Code Cong. & Ad.News, p. 137. Thus, the views taken by *Boned Beef* and *Spencer* appear to follow the intent of the legislature.

5. In amending the Act in 1985, some statements were made from the floors of both houses refuting the House Report's view that this standard

■ In the case at hand, the merits of the case have already been examined for reasonableness. Moreover, under the 1985 amendments to the EAJA, it is now clear that "the position of the United States" includes the initial agency decision. 28 U.S.C. § 2412(d)(2)(D). In overturning the first ALJ's determination as unsupported by substantial evidence, this court concluded that there was not "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hadden v. Heckler,* No. NC–85–0001 J, Magistrate's Report and Recommendation, as adopted by this court, at 2, *quoting Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Therefore, the original agency position,

would result in attorney's fees awards in virtually all cases where agency action had been held to be arbitrary and capricious or unsupported by substantial evidence. 131 Cong.Rec. 4763 (daily ed. June 24, 1985) (statements of Reps. Kindness and Moorehead); 131 Cong.Rec.S. 9993 (daily ed. July 24, 1985); *cf.* H.R.Rep., *supra* n. 14 at 9–10, 1985 U.S.Code Cong. & Ad.News, pp. 137, 138. These remarks and those of President Reagan in signing the bill were apparently meant to clarify the fact that the amendment was not intended to mandate automatic awards of attorney's fees in such cases. *See Miles v. Bowen,* 632 F.Supp. 282, 284–85 (M.D.Ala.1986). But to the extent that those statements purport to declare that "substantial justification" is a "lesser standard" than substantial evidence, they cannot be supported. Substantial evidence requires only enough evidence to reasonably support a conclusion. *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938). *See also Brown v. Bowen,* 801 F.2d 361, 362 (10th Cir.1986) (applying the same definition in the context of a Social Security case). It is similar to that amount of evidence which would be sufficient to justify, if the matter were before a jury, "a refusal to direct a verdict." *NLRB v. Columbian Enameling and Stamping Co.,* 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660 (1939). Thus, a decision unsupported by substantial evidence cannot be reasonable on its merits. While arranging standards of review along some hypothetical spectrum is of questionable utility, *see* K. Davis, *Administrative Law Treatise,* at chapter 29 (2d ed. 1984), it is fair to say that substantial justification, a standard "slightly more stringent than reasonableness," *Spencer v. NLRB,* 712 F.2d 539, 558 (D.C.Cir.1983) cannot be, at the same time, a "lesser standard than the substantial evidence standard." 131 Cong.Rec. 4763 (daily ed. June 24, 1985) (remarks of Rep. Kindness).

viewed on the merits, has already been reviewed for reasonableness and has been found wanting.

 It is too late now for the government to argue that the original decision was reasonable, or substantially justified.[6] While the inquiry into the question of substantial justification was intended to be separate and distinct from the merits of the case,[7] such cannot mean merely a repetition of the prior process, which determined the absence of a factual basis for the agency position. The government's burden is broader than that. It now becomes one of pointing to additional facts in the record that, taken with the facts previously relied upon and found inadequate, demonstrate the government's reasonableness in taking the action that it did. In short, the government must, in order to resist an award of attorney's fees in an action where the underlying agency action has been held to be unsupported by substantial evidence, show evidence of "the most extraordinary special circumstances" to demonstrate substantial justification. H.R.Rep. No. 120, 99th Cong. 1st Sess. 9–10, *reprinted in* 1985 U.S.Code Cong. & Ad.News 132, 138.

The government has made no such additional showing. Rather, it has simply chosen to reargue that the facts in the record justified the initial agency decision. This court's prior decision determined that those facts were insufficient to reasonably support the ALJ's original finding. Without more, in this case the government does not sustain its current burden of demonstrating substantial justification.

The government has not contested the amount of fees requested. This court specifically finds that the fee request is reasonable and well within the limits of an award under the EAJA for this type of case. The court therefore ORDERS that the amount of $1,687.50 be and hereby is awarded to the plaintiff for her attorney's fees, pursuant to 28 U.S.C. § 2412(d)(1)(A). Judgment shall forthwith be entered accordingly.

6. *See* n. 5, *supra.*

## ON MOTION TO ALTER OR AMEND

This case is once again before this court, this time on a motion by defendant, the Secretary of Health and Human Services, to alter or amend this court's memorandum opinion and order dated October 1, 1986. That decision granted the plaintiff, Ruby May Hadden, her attorney's fees under the Equal Access to Justice Act (EAJA). The court denies the Secretary's motion.

The facts of the case and the reasoning that led to the fee award are set out in the opinion dated October 1. In brief, that opinion held that because the Secretary's decision in originally denying Ms. Hadden's disability benefits was unsupported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Hadden v. Heckler,* No. 85–0001–J, Magistrate's Report and Recommendation, as adopted by this court, at 2, that position could not be "substantially justified" within the meaning of the EAJA, 28 U.S.C. § 2412(d)(1)(A), unless the government could show some "extraordinary special circumstances" demonstrating substantial justification. *Hadden v. Bowen,* 657 F.Supp. 679, 682 (D.Utah 1986) (hereinafter Oct. 1 opinion). The Secretary filed this motion to amend under Fed.R. Civ.P. 59(e), arguing that the court did not apply the correct standard of law in evaluating the Secretary's position for substantial justification.

The Secretary emphasizes four points in arguing for amendment of this court's opinion. First, he argues that this court relied on a House Report that did not accurately represent the intent of Congress in enacting the 1985 amendments to EAJA. Second, he argues that this court failed to give appropriate weight to the statements made by some of the legislators and President Reagan when those amendments were voted and signed into law. Third, the Secretary contends that the standard applied by this court conflicts with that followed by the Tenth Circuit Court of Appeals.

7. 131 Cong.Rec.S. 9993 (daily ed. July 24, 1985) (remarks of Sen. Thurmond).

Finally, he maintains that this court's construction of the EAJA conflicts with the policy of that act. This court disagrees with each of these four points.

Contrary to the Secretary's first contention, this court did not "rely" on the House Report with which the Secretary finds fault. This court's reasoning was based on three simple propositions:

1. The standard of "substantial justification" in this and other circuits is one of reasonableness. Oct. 1 Opinion at 681, *citing Wyoming Wildlife Federation v. United States*, 792 F.2d 981, 985 (10th Cir.1986); *See also Weakley v. Bowen*, 803 F.2d 575 (10th Cir.1986).

2. The "position" which the government must demonstrate to have been "substantially justified" in order to avoid a fee award under the EAJA includes the original agency position. Oct. 1 Opinion at 681, *citing* 28 U.S.C. § 2412(d)(2)(D).

3. In this case, that original agency position had already been held to have been made without "such evidence as a reasonable mind might accept as adequate to support a conclusion." Oct. 1 Opinion at 681, *citing Hadden v. Heckler*, No. NC–85–0001 J, Magistrate's Report and Recommendation, as adopted by this court, at 2.

Given these three points, this court concluded that the Secretary failed to demonstrate any circumstances that could support a conclusion that the Secretary's position, although unsupported by evidence a reasonable mind might accept as adequate, was nevertheless reasonable.[1] Inherent in a finding that a decision was made without enough "evidence that a reasonable mind might accept as adequate to support a conclusion" is a finding that that decision was unreasonable. This court endorsed the House committee's view that in cases in which the government's original position was unsupported by substantial evidence— evidence a reasonable mind might accept as adequate to support the conclusion, *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)—the government must show evidence of "the most extraordinary special circumstances" to demonstrate substantial justification. Oct. 1 opinion at 682, *citing* H.R.Rep. no. 120, 99th Cong. 1st Sess. 9–10, *reprinted in* 1985 U.S.Code Cong. & Ad.News 132, 138 [hereinafter House Report]. This court agrees with that report, but its conclusion is based not only on the House committee's view, but also on the clear law of this circuit, the clear language of the EAJA, and the unambiguous factual findings made in this case.

1. The Court of Appeals for the D.C. Circuit has recently construed the amendments to the EAJA. *Federal Election Commission v. Rose*, 806 F.2d 1081 (D.C.Cir.1986). In that case, the D.C. Circuit rejected the notion that a finding that agency action is arbitrary and capricious should automatically result in a finding that the government's position was not substantially justified. This court agrees with portions of the *Rose* opinion, but finds fault with some of its sweeping dicta.

In *Rose*, the court expressed concern that terms such as "arbitrary and capricious" or "substantial evidence," if used too freely, might lead to a "mechanical jurisprudence" in determining whether government action lacked "substantial justification." This court endorses the proposition that courts, in analyzing the EAJA question of substantial justification, must not "blithely reach for easy answers suggested by evocative labels." But labels such as the terms "substantial evidence" are not without meaning. In the case at hand, the reason the case has been labeled "unsupported by substantial evidence" lies in this court's explicit, factual finding that the agency's position lacked "such evidence as a

reasonable mind might accept as adequate to support a conclusion." The substantive character of the case on its merits, as reflected by the record, demonstrates a lack of substantial justification on the government's part. An analogy to Rule 11 may be useful. Without such evidence as a reasonable mind might accept as adequate to support a conclusion, how can the government's position be "well grounded in fact," as required by Rule 11, much less "substantially justified" under the EAJA?

*Rose* was concerned with a situation where the terms "arbitrary and capricious" led to a finding that the government was not "substantially justified." As the *Rose* court points out in detail, the terms "arbitrary and capricious" encompass a wide variety of government errors, including a great many procedural, as opposed to substantive, mistakes. *Rose*, at 1088–89. Such was not the situation in the case at hand. Had the present case involved arbitrary and capricious action, rather than action taken which was factually unsupportable, and hence unsupported by substantial evidence, this court's EAJA analysis would have been of a different character.

As the Secretary now points out, this approach conflicts with some statements made by various congressmen, senators and the President. But this court's prior opinion addressed those statements. Oct. 1 opinion at 681, n. 5. These statements disputed the position of the House Report that when the government's action was found to be arbitrary and capricious or unsupported by substantial evidence, a finding that the government's position was not substantially justified would be "virtually certain." House Report, *supra*, at 10.[2] These statements agreed that substantially justified was a reasonableness standard, but they also maintained that the standard was a "lesser standard" than that of substantial evidence or arbitrary and capricious. Some persons may be limber enough for such mental contortions, but this court can not stretch the meaning of "substantial justification" to indicate both a reasonableness standard and a lesser standard than one requiring only enough evidence to reasonably support a conclusion. It appears to this court that the statements that the Secretary wishes this court to rely on are logically inconsistent.

█ Even if these statements made sense, this court need not accept them as indicative of the legislative intent of the entire Congress. The House Committee Report, which this court endorsed, is a better indication of intent. In *Garcia v. United States*, 469 U.S. 70, 105 S.Ct. 479, 83 L.Ed.2d 472 (1984), the Supreme Court stated:

> In surveying legislative history we have repeatedly stated that the authoritative source for finding the Legislature's intent lies in the Committee Reports on the bill, which "represent the considered and collective understanding of those Congressmen involved in drafting and studying proposed legislation." *Zuber v. Allen*, 396 U.S. 168, 186 [90 S.Ct. 314, 324, 24 L.Ed.2d 345] (1969). We have eschewed reliance on the passing comments of one member, *Weinberger v.*

---

**2.** The *Rose* court, 806 F.2d 1081 (discussed supra n. 1), rejected the language of the Committee Report as inconsistent with the language of the statute and rebutted by the floor statements that were made during passage of the amendments. This court cannot agree. The House Report correctly recognized that if the standards of "substantial evidence" or "arbitrary and capricious" are properly applied, only rarely will the facts of the case support a finding that the government action was substantially justified.

Although this statement may have been slightly overstated in the context of arbitrary and capricious review based on procedure, it is a realistic recognition of the practical effect of the amendments when decisions are overturned on their merits. If the substantial evidence standard is correctly applied, and agency action is found lacking in such evidence, then, indeed, an award under EAJA is "virtually certain." Such a finding amounts to a conclusion that the decision, on its merits was without any reasonable factual support. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). If the government, in such a case, disagrees with that finding, its remedy is to appeal the substantive decision, not to foray once more into the merits of the case in an attempt to resist an award of fees. The inquiry into "substantial justification" is separate from the merits of the case, but it cannot be divorced from the reality that comprises the record. 28 U.S.C. § 2412(d)(1)(B). Factual conclusions previously drawn from that record must be given their appropriate, res judicata effect.

The *Rose* court rejected the House committee report's "virtually certain" comment in favor of what it deemed the plain meaning of the statute and the rebuttal of the report in statements made from the floor by some senators and congressmen. The court called the report's statement "a rogue elephant" in "the jungle of legislative history." As discussed above, this court disagrees with the D.C. Circuit's interpretation of the statute's meaning. Furthermore, as this court discusses in text, the floor statements are logically inconsistent, both internally and when compared with the D.C. Circuit's own definition of the standard of substantial justification. *See Rose*, 806 F.2d at 1090 (defining substantially justified as "slightly more than reasonable"—the floor statements claimed it was a lesser standard than the substantial evidence standard, a reasonableness standard.) 131 Cong.Rec. 4763 (daily ed. June 24, 1985) (remarks of Rep. Kindness); See also President Reagan's statement on signing the 1985 amendments, *quoted in Miles v. Bowen*, 632 F.Supp. 282, 285 (M.D.Ala.1986).) As discussed infra, the Supreme Court has established that a report produced by the committee that studies a bill is a more reliable guide to the legislative intent than isolated statements from the floor. Congressional intent, after all, is the intent of the entire legislative body, not merely those few members who may choose to manufacture their own legislative history. Rogue elephants may not only prowl the staffs of committee members, as the *Rose* court fears, but may also trumpet from the floor of Congress.

*Rossi,* 456 U.S. 25, 35 [102 S.Ct. 1510, 1517, 71 L.Ed.2d 715] (1982), and casual statements from the floor debates. *United States v. O'Brien,* 391 U.S. 367, 385 [88 S.Ct. 1673, 1683, 20 L.Ed.2d 672] (1968); *Consumer Product Safety Commission v. GTE Sylvania, Inc.,* 447 U.S. 102, 108 [100 S.Ct. 2051, 2056, 64 L.Ed.2d 766] (1980). In *O'Brien, supra,* at 385 [88 S.Ct. at 1684], we stated that Committee Reports are "more authoritative" than comments from the floor, and we expressed a similar preference in *Zuber, supra,* at 187 [90 S.Ct. at 325].

469 U.S. at 76, 105 S.Ct. at 483. The statements made from the floor accompanying the passage of the amendments to the EAJA conflict with the views expressed in the committee report on those amendments. In such cases, the statements in the report control.

■ One other point needs to be made in reference to the conflicting legislative history. Although the report accompanying the 1985 amendments was subject to vehement opposition, the effect of the amendment is clear: " 'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). Courts are no longer to examine only the government's litigation position for substantial justification. The government must now show reasonableness at the original agency level as well. The remarks of a few legislators, and even the President, cannot change the clear intent of the entire Congress. When such remarks within a conflicting legislative history act to obscure the plain meaning and purpose of the statute, it is the duty of the courts to resolve the confusion and give effect to the unambiguous language as written and passed

into law. *Consumer Product Safety Commission v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980).

The obfuscation of the 1985 amendment to the EAJA achieved by the various floor statements is what the Secretary seeks to capitalize on here. Repeatedly he argues that this court should examine only the question of whether the Secretary was *reasonable in arguing* that his original position was supported by substantial evidence.[3] This court:

> need not re-examine the question of which Government position, litigation or pre-litigation must be substantially justified ... because in this case the positions are identical. Moreover, the statute has been amended so that both the Government's litigation position in the civil action, and the prior action or failure to act by the agency on which the civil action was based are considered. 28 U.S.C. § 2412(d)(2)(D).

*Wyoming Wildlife Federation v. United States,* 792 F.2d 981, 985 n. 1 (10th Cir. 1986). The amendment to the EAJA was intended to change prior analysis of the law, under which some courts examined only the government's litigation position for substantial justification. *Cf. United States v. 2,116 Boxes of Boned Beef,* 726 F.2d 1481, 1487 (10th Cir.) *cert. denied sub nom, Jarboe-Lackey Feedlots, Inc. v. United States,* 469 U.S. 825, 105 S.Ct. 105, 83 L.Ed.2d 49 (1984), and 28 U.S.C. § 2412(d)(2)(D). The Secretary's suggested analysis of looking only to his reasonableness in arguing the merits of the civil action is nothing but a reincarnation of this prior analysis which Congress explicitly rejected. Implicit in his argument is the notion that because the legislative history is confused, this court should adhere to its

---

**3.** This court has difficulty in understanding how the Secretary can be reasonable in arguing that a decision made without such evidence as a reasonable mind might accept as adequate to support the agency's conclusion is nevertheless "reasonable." The finding that the decision lacked reasonable factual support necessarily means that an argument supporting that decision would lack the same "reasonableness in

both law and fact." *See United States v. 2,116 Boxes of Boned Beef,* 726 F.2d 1481 (10th Cir.), *cert. denied sub nom, Jarboe-Lackey Feedlots, Inc. v. United States,* 469 U.S. 825, 105 S.Ct. 105, 83 L.Ed.2d 49 (1984). This kind of legal hairsplitting which the Secretary seeks to advance is exactly what lead to the amendment of the EAJA in 1985. House Report, *supra,* at 8–10.

prior method of looking only to the government's litigation position in seeking "substantial justification," ignoring the 1985 amendment to the act.[4] To throw up one's hands and avoid enforcing the law as enacted, merely because of the inconsistent statements of a few legislators and the President, would be to neglect the constitutional duty of this court. This court will not follow the Secretary's suggestion.

The Secretary's third contention is that the standard applied by this court is inconsistent with the standard set forth by the Tenth Circuit Court of Appeals. This is a puzzling argument. Both here and in this court's Oct. 1 opinion, this court applied a reasonableness standard. This is consistent with the clear view of the Tenth Circuit. *Wyoming Wildlife Federation v. United States*, 792 F.2d 981, 985 (10th Cir. 1986); *Weakley v. Bowen*, 803 F.2d 575 (10th Cir.1986). Apparently, what troubles the Secretary is not the standard applied by this court, but the particular government actions to which that standard was applied. As set forth above and in this court's Oct. 1 opinion, the clear language of the 1985 amendments to the EAJA provide that the original agency position must be examined as well as the government's litigation position. 28 U.S.C. § 2412(d)(2)(D). The Tenth Circuit's position is consistent with that statutory mandate. Although the Court of Appeals has tended to focus on the govern-

ment's reasonableness in arguing the case, *see Weakley v. Bowen*, 803 F.2d 575 (10th Cir.1986); *Wyoming Wildlife Federation v. United States*, 792 F.2d 981, 985 (10th Cir.1986); *Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir.1986), nothing in any of those cases rejects looking to the original agency position, if that is sufficient, to find a lack of substantial justification. In fact, in *Wyoming Wildlife*, the Court of Appeals explicitly noted that "the statute has been amended so that both the Government's litigation position and the prior action or failure to act by the agency on which the civil action was based, are considered." 792 F.2d at 985, n. 1. *Wyoming Wildlife* recognized, as did *United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1487 (10th Cir.1984), that the government's litigation position is almost always identical to that position on which the agency action was based. That is true in this case. An unreasonable agency position cannot metamorphize into a reasonable position when that same position is litigated. Even the most reasonable United States attorney cannot litigate factual irrationality into reasonableness in both law and fact. *See id.* This court reads the EAJA and the Tenth Circuit's interpretations of the act as requiring both the government's litigation position and the original agency position that engendered the action to be substantially justified.[5]

---

4. In support of this proposition, the Secretary cites *Russell v. National Mediation Board*, 775 F.2d 1284, 1289 (5th Cir.1985); *Miles v. Bowen*, 632 F.Supp. 282, 284–285 (M.D.Ala.1986); and *Gavin v. Bowen*, 635 F.Supp. 1251, 1255–56 (N.D.Ill.1986), among other cases. These cases merely retain their prior standards of reasonableness rather than adopt the House Report's comment that the standard was intended to mean "more than mere reasonableness" House Report at 9. The Tenth Circuit, too, has indicated that it retains the standard of "reasonableness in both law and fact." *Weakley v. Bowen*, 803 F.2d 575 (10th Cir.1986). It is that standard which this court applied in determining that the government was not substantially justified in this case, Oct. 1 Opinion at 680, 681, and 682, although this court indicated that prior Tenth Circuit dicta was not inconsistent with the House Report's view. Oct. 1 Opinion at 681, n. 4. However, retaining the prior standard of reasonableness is not the same as refusing to apply that standard to the original

agency position. With the possible exception of *Miles v. Bowen*, none of the cases cited by the Secretary purport to do that. If *Miles* holds otherwise this court is of the opinion that that court is in error. In fact, the cases that have addressed the issue have, just as this court did, applied the reasonableness standard to the original agency decision and concluded that the "most extraordinary special circumstances" would have to be demonstrated in order to find an agency decision unsupported by substantial evidence to be substantially justified. *Derby v. Bowen*, 636 F.Supp. 803, 807 (E.D.Wash.1986); *Fleming v. Bowen*, 637 F.Supp. 726, 731 (D.D.C. 1986).

5. The floor statements, in addition to the House Report, support this view. Senator Grassley stated: "[I]f the agency action is not substantially justified, a prevailing party could be eligible for an Equal Access to Justice Act award, irrespective of the merits of the Government's arguments once they get to court." 131 Cong.Rec.

Finally, the Secretary argues that this court's position is inconsistent with the policy behind the EAJA. This argument cannot be maintained. Requiring that the government demonstrate reasonableness at the agency level, as well as in subsequently litigating that issue, protects the victims of government mistakes by enabling them to vindicate their rights and entitlements.

The purpose of the Equal Access to Justice Act is to ensure that the cost of litigation does not prevent individuals and businesses who have been the targets of unjustified government action from opposing that action in court or agency proceedings. That purpose cannot fully be served if only the government's litigating position is considered in evaluating substantial justification, because the government will be able to pursue actions it knows to be unreasonable or inadequately supported in the hope of intimidating the private party, knowing it can simply concede without penalty if that party chooses to fight the matter.

H.R.Rep. No. 120, 99th Cong. 1st Sess. 16, *reprinted in* 1985 U.S.Code Cong. & Ad. News 132, 144, *quoting* the Chairman of the Administrative Conference of the United States. This court's October 1 Opinion does not raise a presumption that the government is not substantially justified when agency action has been found to be unsupported by substantial evidence. Nor does it provide for automatic fee-shifting in such cases. Rather, it simply recognizes that in cases in which the government has taken action unsupported by evidence that a reasonable mind would accept as adequate to support a conclusion, its chances of later making the required "strong showing" of substantial justification, *Weakley v. Bowen*, 803 F.2d 575 (10th Cir.1986), are slim. The factual record that has resulted in the government's loss in such cases also means that only the "most extraordinary special circumstances" will result in a finding that the government, despite its inadequate factual record, was nevertheless substantially justified.

S9992 (daily ed. July 24, 1985) (remarks of Senator Grassley).

The motion to amend or alter this court's opinion and order dated October 1, 1986 is DENIED.

So ordered.