George R. WEAKLEY,
Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services,
Defendant-Appellee.

No. 85–1978.

United States Court of Appeals,
Tenth Circuit.

June 25, 1986.

Paul F. McTighe, Jr., Tulsa, Okl., for plaintiff-appellant.

Thomas Stanton, Asst. Regional Atty. (Edwin L. Meese, U.S. Atty. Gen.; Roger Hilfiger, U.S. Atty. for E.D. Okl., Lynda C. Burris, Asst. U.S. Atty., Gayla Fuller, Regional Atty., and Valerie Olds, Asst. Regional Atty., U.S. Dept. of Health and Human Services, with him on brief), Office of the General Counsel, U.S. Dept. of Health and Human Services, Dallas, Tex., for defendant-appellee.

Before McKAY and ANDERSON, Circuit Judges, and JOHNSON, District Judge.*

McKAY, Circuit Judge.

George Weakley appeals the denial of his request for disability insurance benefits. *See* 42 U.S.C. §§ 416(i), 423 (1982 & Supp. II 1984). He applied for benefits after suffering a back injury at work. An ad-

* Honorable Alan Johnson, United States District Judge for the District of Wyoming, sitting by

ministrative law judge (ALJ) found that his back impairment met disability Listing 1.05 C of 20 C.F.R. part 404, subpart P, appendix 1 (Listing of Impairments). Record, vol. 2, at 20. However, the ALJ found that Mr. Weakley was not entitled to benefits because, without an acceptable reason, he refused to have the back surgery his physician had prescribed. *Id.* (relying on 20 C.F.R. § 404.1530 (1985)). After the Social Security Administration Appeals Council denied his appeal, record, vol. 2, at 4–5, Mr. Weakley sought relief from the United States District Court for the Eastern District of Oklahoma. That court rejected Mr. Weakley's claim for benefits in an opinion which made no mention that his back impairment met Listing 1.05 C. Record, vol. 1, at 26–30.

As we review the administrative and district court decisions, our role under 42 U.S.C. § 405(g) (1982) is to determine whether there was substantial evidence in the record as a whole to support the decision of the Secretary. *Richardson v. Perales*, 402 U.S. 389, 390, 401, 91 S.Ct. 1420, 1422, 1427, 28 L.Ed.2d 842 (1971); *Tillery v. Schweiker*, 713 F.2d 601, 603 (10th Cir. 1983).

A claimant has the burden of proving his disability by establishing a mental or physical impairment lasting at least 12 months that prevents him from engaging in any substantial gainful activity. *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir.1984); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (1982). Mr. Weakley has met this burden; the Secretary does not dispute that his back injury satisfies Listing 1.05 C.

██ The question, then, is whether there is substantial evidence to support the Secretary's decision to deny Mr. Weakley his benefits because he refused to submit to prescribed surgery. *See* 20 C.F.R. § 404.-1530 (1985). We have explained the test to be applied in determining whether such a refusal can be the basis for denying benefits:

designation.

Courts reviewing whether a claimant's failure to undertake treatment will preclude the recovery of disability benefits have considered four elements, each of which must be supported by substantial evidence: (1) the treatment at issue should be expected to restore the claimant's ability to work; (2) the treatment must have been *prescribed;* (3) the treatment must have been refused; (4) the refusal must have been without justifiable excuse.

*Teter v. Heckler,* 775 F.2d 1104, 1107 (10th Cir.1985) (citations omitted); *see also Jones v. Heckler,* 702 F.2d 950, 953 (11th Cir. 1983). Once the claimant demonstrates that he is impaired, the government has the burden of demonstrating each of the four elements. *Cf. Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir.1978) (once claimant makes prima facie claim of disability, then the Secretary has the burden to show the availability of work that claimant can perform).

 The Secretary did not present substantial evidence that the rejected back surgery was expected to restore Mr. Weakley's ability to work. Indeed, doctors informed the ALJ that "there was a good possibility [that Mr. Weakley] would not have improvement with the recommended surgery" and that "improvement may or may not occur with that treatment." Record, vol. 2, at 19. Testimony by only one physician arguably lends support to the Secretary's position. This doctor stated: "The patient was therefore found to be temporarily totally disabled. The problem is correctable by surgery. Following the surgery and the postoperative recuperation period, he would still have a residual of disability of a permanent nature estimated to be 15% to the body as a whole." *Id.* at 92. Thus, the only statement indicating that Mr. Weakley's back problems "were correctable" was followed by a statement that Mr. Weakley would have a continuing disability that might or might not prevent him from returning to work. Therefore, the Secretary did not meet her burden and cannot use 20 C.F.R. § 404.1530 (1985) as a basis for denying Mr. Weakley his benefits.

Given this determination, we need not consider whether the surgery was properly prescribed, actually refused, or rejected unreasonably.

Because the ALJ found that Mr. Weakley's back impairment met Listing 1.05 C, we order the Secretary to award Mr. Weakley disability benefits, including the benefits that have wrongly been denied him since January 26, 1984 (the date of the initial denial). If in the future the Secretary feels that she can produce evidence that Mr. Weakley is not disabled, she can initiate proceedings to demonstrate this. *See generally* 20 C.F.R. §§ 404.1588–.1599 (1985) (regulations for terminating disability benefits).

REVERSED.