George R. WEAKLEY,
Plaintiff-Appellant,

v.

Otis R. BOWEN, M.D., Secretary of
Health and Human Services,
Defendant-Appellee.

No. 85–1978.

United States Court of Appeals,
Tenth Circuit.

Oct. 14, 1986.

576

Paul F. McTighe, Jr., Tulsa, Okl., for plaintiff-appellant.

Roger Hilfiger, U.S. Atty. for the E.D. Okl., Gayla Fuller, Chief Counsel, Region VI, Patrick A. Hudson, Principal Regional Counsel, Litigation Branch, and Karen J. Behner, Asst. Regional Counsel, Office of Gen. Counsel, Dept. of Health and Human Services, Dallas, Tex., for defendant-appellee.

Before McKAY and ANDERSON, Circuit Judges, and JOHNSON, District Judge *.

McKAY, Circuit Judge.

George Weakley applied for and was denied disability insurance benefits after suffering a back injury at work. The administrative law judge (ALJ) found that, although Mr. Weakley's back impairment constituted a disability under the statute, he was not entitled to benefits because he refused to submit to prescribed back surgery. Both the Social Security Administration Appeals Council and the United States District Court for the Eastern District of Oklahoma denied Mr. Weakley relief. This court reversed the decision of the district court, holding that the Secretary failed to demonstrate by substantial evidence that the surgery would restore Mr. Weakley's ability to work. *Weakley v. Heckler*, 795 F.2d 64 (10th Cir.1986). Claimant's attorney has subsequently moved this court to award attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (Supp. III 1985).

EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id.* § 2412(d)(1)(A).

The burden rests with the government to prove that it was substantially justified in arguing, in this case, that the ALJ's decision was supported by substantial evidence. *Wyoming Wildlife Federation v. United States*, 792 F.2d 981, 985 (10th Cir.1986) ("Once it has been established that plaintiffs are prevailing parties, the burden shifts to the Government to prove that it was substantially justified in asserting its litigating position."); *Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir.1986) ("The issue is whether the Government was [substantially justified] in arguing that the ALJ's decision was supported by substantial evidence.").

The standard under which substantial justification is scrutinized, articulated in EAJA's legislative history and uniformly cited by most courts addressing the issue (including this court), is that of "reasonableness in both law and fact." *See Wyoming Wildlife Federation*, 792 F.2d at 985; *Fulton*, 784 F.2d at 349; *United States v. Community Bank & Trust Co.*, 768 F.2d 311, 314 (10th Cir.1985); *United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1486 (10th Cir.1984); *see also* H.R.Rep. No. 1418, 96th Cong., 2d Sess. 10–11, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4953, 4984, 4989–90. Neither this court nor any other court has applied a more stringent standard under which fees would be denied unless the government's position at least bordered on the frivolous or showed bad motivation or intransigence. The court in *S & H Riggers & Erectors, Inc. v. Occupational Safety & Health Review Commission*, 672 F.2d 426, 430 (5th Cir.1982), as-

---

* Honorable Alan B. Johnson, United States District Judge for the District of Wyoming, sitting by designation.

serted that the government need show more than that its suit was not frivolous and, moreover, particularly when a party has had to engage in lengthy administrative proceedings before a final vindication of his or her rights in the courts, the government should have to make a "strong showing" of substantial justification. In fact, the more stringent standard of "arbitrary, frivolous, unreasonable or groundless" proposed by the Department of Justice was explicitly rejected as too burdensome a standard for prevailing plaintiffs to meet. *See* H.R.Rep. No. 1418, *supra,* at 14, *reprinted in* 1980 U.S.Code Cong. & Ad.News at 4993. Even the government's response opposing the fee award concedes that the substantial justification standard is one of reasonableness. *See* Appellee's Response in Opposition to Appellant's Motion for Attorney Fees at 4.

In the present case, the controlling Tenth Circuit law with respect to the underlying dispute was clear. *Teter v. Heckler,* 775 F.2d 1104, 1107 (10th Cir.1985), described the test to be applied in determining whether Mr. Weakley's refusal to submit to surgery could properly be the basis for denying him benefits:

> Courts reviewing whether a claimant's failure to undertake treatment will preclude the recovery of disability benefits have considered four elements, each of which must be supported by substantial evidence: (1) the treatment at issue should be expected to restore the claimant's ability to work; (2) the treatment must have been *prescribed;* (3) the treatment must have been refused; (4) the refusal must have been without justifiable excuse.

In the present case, the government failed to satisfy the first prong of the *Teter* test. *Weakley,* 795 F.2d at 66.

■ The ultimately controlling question with respect to awarding attorney's fees, then, is whether the government was *reasonable* in arguing that there was *substantial evidence* that the surgery would restore Mr. Weakley's ability to work. *See Fulton v. Heckler,* 784 F.2d at 348. The

record reveals that the testimony of only one physician, Dr. Zindel, arguably supported the government's position. Dr. Zindel, a consulting physician who evaluated Mr. Weakley during his hospitalization from November 30 to December 3, 1982, testified that "[t]he problem is correctable by surgery," but then immediately qualified that assessment by stating that Mr. Weakley "would still have a residual of disability of a permanent nature estimated to be 15% to the body as a whole." Record, vol. 2, at 92. No medical testimony unequivocally supported the government's position. The testimony of Drs. Allen, Parkinson, Thomas, and Davis was contrary to the government's assertion.

The posture of this case is very similar to that of *Fulton v. Heckler,* 760 F.2d 1052 (10th Cir.1985), where an ALJ denied benefits to a claimant on the strength of only one physician's testimony that the claimant could return to work, which conflicted with several other medical opinions. The district court affirmed the ALJ's determination. This court reversed, concluding that the ALJ's determination was not supported by substantial evidence. *Id.* at 1056. Subsequently, this court awarded attorney's fees under EAJA, finding the government's position not substantially justified since "[t]he only proper evidence supporting the administrative decision was a report by Dr. Donica which conflicted with the other medical opinions, with the testimony at the hearing, and with the history of Fulton's illness and treatment." 784 F.2d at 349; *cf. Ceglia v. Schweiker,* 566 F.Supp. 118, 124 (E.D.N.Y.1983) (government's position denying benefits not substantially justified since ALJ relied exclusively on a consulting physician who did not examine claimant but reviewed medical evidence of record); *Kauffmann v. Schweiker,* 559 F.Supp. 372, 375 (M.D.Pa.1983) (government's position not substantially justified since only medical evidence that claimant could work came from one physician who performed one-time examination); *Hornal v. Schweiker,* 551 F.Supp. 612, 617 (M.D.Tenn.1982) (government's position not substantially justified since only medical evidence sup-

porting Secretary's position was submitted by a doctor who examined claimant once and was contrary to evidence submitted by claimant's regular physician).

The government argues that the mere fact that the district court below affirmed the ALJ's decision "strongly suggests that the government's position was reasonable and therefore substantially justified." It cites *Brissette v. Heckler*, 613 F.Supp. 722, 725 (E.D.Mo.1985), which summarily states this proposition without discussion in denying attorney's fees under EAJA. However, the more considered position in this regard can be found in *Broad Avenue Laundry & Tailoring v. United States*, 693 F.2d 1387 (Fed.Cir.1982). Although the court found the government's position to be substantially justified, it noted:

> [T]he position of the United States is not shown to have been substantially justified merely because the government prevailed before the tribunal below and endeavored to uphold the decision in its favor. If that were the rule, attorney's fees never could be awarded in favor of an appellant against the government.

*Id.* at 1392.

The record supports the conclusion that the government was unreasonable, and hence not "substantially justified" for purposes of EAJA, in maintaining that there was *substantial evidence* indicating that the surgery would restore Mr. Weakley's ability to work. It follows that a fee award pursuant to EAJA is appropriate.

■ Claimant's counsel requests $125.00 per hour for his representation of claimant in this case. EAJA prescribes a statutory rate of $75.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Claimant's attorney states that 75% of his practice is devoted to Social Security cases. He also asserts that "[l]egal assistance in cases of this nature in the Eastern District of Oklahoma is almost nonexistent. Appellant's attorney can present evidence to sup-

port the limited legal resources available to a claimant such as the Appellant." Appellant's Brief in Support of Motion for Attorney Fees at 6. However, no such evidence was presented. Counsel has failed to demonstrate by affidavit or otherwise that adequate legal services to handle appellant's problem could not be obtained for $75 per hour. This court has stated:

> Incomparable expertise, standing alone, will not justify the higher rate. An upward adjustment of the statutory rate is only to be made if the attorneys exceed the expected standards for attorneys of equal caliber.... The "limited availability of counsel" exception to the $75 per hour limitation is confined to the unusual situation where appropriately specialized legal services cannot be obtained in the market for $75 or less.

*Vibra-Tech Engineers, Inc. v. United States*, 787 F.2d 1416, 1420 (10th Cir.1986) (citations omitted).

■ Appellant's Reply to Appellee's Response Regarding Appellant's Motion for Attorney Fees at 5, states:

> Appellant is preparing affidavits which will be filed in this Court within ten days of this filing. The affidavits will outline the Appellant's position on this point. Appellant requests that the Court defer ruling on this Motion for at least ten days so that said affidavits may be filed.

Appellant also wishes to amend his court cost request to include a $68.80 reimbursement for photocopying. However, appellant's entire reply, filed September 2, 1986, was untimely. Appellee filed its response to appellant's motion on July 30, 1986; thus, under Fed.R.App.P. 27(a), the reply to appellee's response was due by August 8, 1986.

■ The appellant's counsel has failed to satisfy his burden to timely establish that the statutory exception to the $75.00 per hour ceiling should apply. Therefore, the prescribed statutory rate should control. Appellant's attorney has documented 11.25 hours spent at the district court level and 56 hours spent at the appellate level on

appellant's case. These totals are reasonable. Therefore, $843.75 should be awarded for work done at the district court level and $4,200.00 should be awarded for work done at the appellate level. Costs in the amount of $130.00 should also be awarded for filing fees. Costs for travel expenses and postage fees are not authorized. *See Massachusetts Fair Share v. Law Enforcement Assistance Administration*, 776 F.2d 1066 (D.C.Cir.1985); *Wyandotte Savings Bank v. NLRB*, 682 F.2d 119 (6th Cir.1982). Hence, appellant's attorney should be awarded a total of $5,173.75 pursuant to EAJA.

■ Appellant has made an alternative motion for attorney's fees under the Social Security Act, 42 U.S.C. § 406(b)(1) (1982), which provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment....

Congress made clear in the 1985 reenactment of EAJA that cases falling within the fee provision of the Social Security Act may also be subject to EAJA. To prevent double payment of fees for the same work under both statutes, however, Congress directed that the smaller amount be given to the client, since the Social Security Act fee award reduces the client's recovery of past due benefits. *See* H.R.Rep. No. 120, 99th Cong. 1st Sess. 20 (1985), U.S.Code Cong. & Admin.News 1985, pp. 132, 148. Thus, the attorney will receive both the award under EAJA and the award under the Social Security Act, but will be required to pay the smaller amount to his client.

The sum of $3,042.25 of Mr. Weakley's past due benefits is being held by the Social Security Administration for award to his attorney, should this court so order. *See* Appellant's Alternative Motion for Attorney Fees at 1. If such fees are awarded and no EAJA award is made, Mr. Weakley's past due benefit award will be reduced by the amount paid to his attorney.

Mr. Weakley's counsel moves this court to order the Secretary to pay over the $3,042.25, stipulating

> that in the event the Court orders fees pursuant to the [EAJA], that Appellant's attorney will reimburse the Appellant for said [EAJA] fees up to the amount of the [EAJA] fees, but only to the extent of $3,042.25 and that any additional [EAJA] fees be awarded directly to Appellant's attorney.

Brief in Support of Appellant's Alternative Motion for Attorney Fees at 2.

In light of our prior conclusion that EAJA applies to the facts of this case, it is ordered:

(1) that the government pay appellant's counsel fees and costs pursuant to EAJA in the amount of $5,173.75;

(2) that the Secretary of Health and Human Services release to appellant's counsel the monies withheld from Mr. Weakley's past due benefits in the amount of $3,042.25; and

(3) that appellant's counsel pay over to his client, Mr. Weakley, the amount of $3,042.25.