**John R. AUER, Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.**

**No. 86–1710.**

United States Court of Appeals,
Sixth Circuit.

Submitted June 12, 1987.

Decided July 6, 1987.

Douglas W. Taylor, Demetriou, Shinners & Taylor, Saginaw, Mich., for plaintiff-appellant.

Michael Hluchaniuk, Asst. U.S. Atty., Bay City, Mich., Blanca Bianchi de la Torre, Dept. of Health & Human Services, Office of the General Counsel, Region V., Chicago, Ill., for defendant-appellee.

Before MERRITT and MARTIN, Circuit Judges, and BROWN, Senior Circuit Judge.

PER CURIAM.

John Auer appeals the district court's summary judgment affirming the Secretary's denial of Social Security disability benefits. Auer alleges disability due to emphysema and asthma since April 1, 1984. However, the administrative law judge and the district court's magistrate found that Auer was still able to perform his past relevant work which was semi-skilled and sedentary. For the reasons that follow, we affirm.

Auer filed his application for benefits on June 21, 1984, alleging an onset date of April 1, 1984, due to severe emphysema. At the time of his hearing on April 4, 1985, Auer was 55 years old and had a twelfth grade education. He had last worked in July of 1977 as a traffic manager for two radio stations in Saginaw, Michigan when he was laid off.

Although Auer is blind in one eye, he has had that condition since the age of 15. Although he is unable to drive a car, he has had no trouble working because of his eye. All of the problems which are part of his alleged disability relate to his breathing. Auer's past history reveals 15 years of smoking (which he only stopped in April, 1984) and three bouts of active tuberculosis, the last one in 1979. Auer was admitted to the hospital by Dr. Brasseur on March 30, 1984, in acute respiratory distress described as respiratory insufficiency and acute asthmatic attack. He was released on April 2 and then readmitted with the same symptoms on April 4. Auer's relapse was apparently triggered by his resuming smoking against his doctor's orders. He remained in the hospital until April 9 when he was released and reported to be almost asymptomatic. Auer was treated again on April 12 as an outpatient complaining of shortness of breath. He was then hospitalized again between April 19 and 23, and April 25 and May 1. Each time Auer improved dramatically while in the hospital but his breathing problems resumed upon his return home despite his having quit smoking two to three weeks before. It was thought that his problems might have been caused by a new shag rug in his house and the rug was ultimately thrown out. On April 18 Dr. Brasseur wrote that Auer was totally disabled from any gainful employment. Auer was instructed to to use oxygen at home in addition to his other medications.

After his numerous crises in April of 1984 Auer improved and was only seen by doctors on a few occasions for evaluation purposes. Part of his improvement was apparently related to his being given a *Bronkosol* (bronchodilator) nebulizer which alleviated his need to receive these treatments at a hospital. Thus, it appears that Auer's problems were controllable with medication and oxygen and *Bronkosol* therapy, though Dr. Brasseur noted that his disease was a progressive one. In November and December Auer suffered a bout of bronchitis for which he was given antibiotics.

It is clear from the record that Auer can do almost nothing in the way of physical exertion and that he needs to be in a relatively pollution-free environment. He can walk a few blocks and up two flights of stairs, can do grocery shopping but cannot do housework. He generally finds it necessary to lie down at least once during the day for up to an hour. The vocational expert who testified at the hearing stated that if everything Auer said were true regarding the length of time it took him to recover after an oxygen treatment and the need to be in a completely smoke free environment, then there were no jobs which he could perform. However she stated that assuming his periodic need for oxygen treatment could be accommodated, and assuming he only needed to be in a "relatively pollution-free" environment, there were numerous jobs which he could perform. The administrative law judge cited very specific examples of Auer's lack of credibility on certain issues and concluded that Auer's impairment did not last for the necessary twelve month period in spite of medical treatment and that he was able to perform numerous sedentary semi-skilled jobs in a relatively pollution-free environment. Because Auer lives with a smoker his need to be in an absolutely smoke-free working environment was not found to be wholly credible.

A review of the record as a whole leads us to conclude that the findings of the administrative law judge were based on substantial evidence in accordance with *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Auer admits in his brief that his respiratory impairments fall short of the requirements for chronic obstructive pulmonary disease listed at section 3.02. We also find that Auer fails to meet the listing for asth-

ma under section 3.03 because he does not suffer severe attacks in spite of prescribed treatment as required by the listing. Nonetheless Auer argues that his combination of impairments meets or equals the listing. We disagree. First, we find that Auer's blindness in one eye has little effect on the disability determination given his past work history. Second, we find that despite Auer's impairment he has failed to meet the twelve month duration requirement which under *Gardner v. Heckler*, 745 F.2d 383, 387 (6th Cir.1984), has become an essential part of the evaluation process.

The administrative law judge's decision was a thoughtful and detailed evaluation of Auer's needs and abilities and we believe the record supports his conclusion that with some moderate employer accommodation Auer can engage in substantial gainful sedentary employment. Auer's reliance on *Lee v. Harris*, 492 F.Supp. 490 (D.S.C. 1980), is indeed misplaced as Auer has responded very positively to medication and has a past work history which has given him the skills he requires to perform sedentary office-type work.

The judgment of the district court is affirmed.