Martha ROBINSON, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.

Civ. A. No. 84–1226–T.

United States District Court, D. Kansas.

Aug. 22, 1989.

David H.M. Gray, Wichita, Kan., for plaintiff.

Stephen Lester, Wichita, Kan., for defendant.

## OPINION AND ORDER

THEIS, District Judge.

This matter comes before the court on plaintiff's motion for attorney's fees and expenses for the work performed in the appellate phase of this attorney's fees litigation. The court awarded fees for the substantive work in this case under 28 U.S.C. § 2412(d)(1)(A) [Equal Access to Justice Act], 679 F.Supp. 1011 (D.Kan.1988), and the Tenth Circuit affirmed in a one paragraph decision, 867 F.2d 600 (1989) (per curiam). This court held that plaintiff was a "prevailing party" in the litigation and the Secretary's position was not "substantially justified." 679 F.Supp. at 1013–15, 1016. Plaintiff requests compensation for 39.1 hours and $406.33 worth of expenses—principally a plane ticket to Denver. Dkt. nos. 30 (34.35 hours on appellate phase) & 33 at 5 (4.75 hours on the fee petition and brief).

## ATTORNEY'S FEES

The parties offer starkly different analytical approaches to this issue. Defendant Secretary argues that the court must determine if the Secretary's position in appealing the fees award was substantially justified under *Pierce v. Underwood,* —— U.S. ——, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). Dkt. no. 32 at 2–3. Although not cited by the Secretary, two Circuit Courts of Appeals have applied the substantial justification standard to the government's appellate position in the fees litigation. *Russell v. National Mediation Board,* 775 F.2d 1284, 1291 n. 8 (5th Cir. 1984); *Rawlings v. Heckler,* 725 F.2d 1192, 1196 (9th Cir.1984). Using this standard, the court would have to deny fees. Within three months of this court's decision, two Courts of Appeals rejected the analysis this court used to award fees. *Truax v. Bowen,* 842 F.2d 995, 997 (8th Cir.1988); *Hendricks v. Bowen,* 847 F.2d 1255, 1257 (7th Cir.1988). With the support of two Courts of Appeals, the Secretary's position would be "substantially justified." *Pierce v. Un-*

*derwood,* —— U.S. ——, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988).

Plaintiff offers a different analysis. She argues that if the Secretary's position is not substantially justified in the underlying litigation, the Secretary must pay for all fees plaintiff's incurred in the appeal of the fees issue—in essence fees for fees. Four Courts of Appeals have taken this position when the government's sole and unsuccessful challenge to the fees award is over the substantial justification of its position. *Cinciarelli v. Reagan,* 729 F.2d 801, 810 (D.C.Cir.1984); *American Academy of Pediatrics v. Bowen,* 795 F.2d 211, 214 (D.C. Cir.1986) (*Cinciarelli* rule does not apply if government asserts a technical defense such as the filing of an untimely petition.); *Trichilo v. Secretary of Health & Human Services,* 823 F.2d 702, 708 (2d Cir.1987); *Trichilo v. Secretary of Health & Human Services,* 832 F.2d 743, 745 (2d Cir.1987) (per curiam); *Parks v. Bowen,* 839 F.2d 44, 46 (2d Cir.1988); *Smith by Smith v. Bowen,* 867 F.2d 731, 734–36 (2d Cir.1989); *Russell v. Heckler,* 814 F.2d 148, 155 (3d Cir.1987), *vacated on other grounds,* —— U.S. ——, 108 S.Ct. 2891, 101 L.Ed.2d 925 (1988) (to reconsider the calculation of fees in light of *Pierce*); *Jean v. Nelson,* 863 F.2d 759, 778–80 (11th Cir.1988). The court concurs with the reasoning and results of the D.C., Second, Third and Eleventh Circuits.

The rationale for the rule dictating fees for litigating the fee issue was aptly stated by the Second Circuit:

Since the statute primarily assures prevailing plaintiffs their reasonable attorney's fees, it would be ironic if claiming those very fees—which would have been unnecessary if not for the government action—was the one act for which a claimant could not receive compensation. Since the purpose of the EAJA is to remove counsel fees as an impediment to challenging unreasonable and unjustified governmental actions, where a governmental action has been known to have been unjustified, there should be as little disincentive for plaintiffs to obtain attorney's fees as there is for them to challenge the action itself. The government

asks us "to treat the EAJA application as part of counsel's cost of doing business." To do so, however, would leave it in the power of the government, which already had been unjustified in its actions toward plaintiff, to so raise the cost of plaintiff's counsel's "doing business" simply by strenuous resistance to all fee applications as to discourage or economically prevent a plaintiff from litigating against the government in the first place. *We regard it as more consistent with the congressional purpose to treat plaintiff's fee application as part of the government's cost of taking positions that are not substantially justified.*

*Trichilo,* 823 F.2d at 707 (emphasis added). The court is in accord with the determinations and policy considerations of the Second Circuit and awards plaintiff fees pursuant to 28 U.S.C. § 2412(d)(1)(A).

■ In accord with its post *Pierce* practice, the court will allow counsel the statutory rate of $75.00 per hour, plus a cost of living increase, *see* Dkt. 31 at 3 for computation, for a total of $96.79 per hour. 28 U.S.C. § 2412(d)(2)(A)(ii) (authorizing cost of living increase). The court has scrutinized counsel's hours and finds them reasonable, except for the 7 hour charge for the return trip from the Tenth Circuit argument. The travel time is not compensable. Counsel is entitled to $3,106.96 (32.1 hours × $96.79 per hour)

If not already paid, counsel is entitled to interest on the fee awarded in the earlier order, 679 F.Supp. at 1017. 28 U.S.C. § 2412(f).

COSTS AND EXPENSES

■ A litigant who prevails on attorney's fees is also entitled to "costs," as defined in 28 U.S.C. § 1920, and "other expenses." 28 U.S.C. § 2412(a), (d)(1)(A), (d)(2)(A). Plaintiff's expenditure of $45.13 for printing is recoverable. 28 U.S.C. § 1920(3). Plaintiff's remaining expenses are for travel and delivery of her appellate brief. Although not cited by any party, the Tenth Circuit has expressly held these two items are not recoverable under the "fees and other expenses" proviso of section

**1014**

2412(d)(1)(A) and (d)(2)(A). *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir.1986) ("Costs for travel expenses and postage fees are not authorized. *See Massachusetts Fair Share v. Law Enforcement Assistance Administration*, 776 F.2d 1066 (D.C.Cir.1985); *Wyandotte Savings Bank v. NLRB*, 682 F.2d 119 (6th Cir.1982).").

The Tenth Circuit decided the issue in *Weakley* without any analysis. This court finds the Tenth Circuit's reading of the statute extremely cramped. The *Weakley* court and the cases it relies on read "other expenses" out of the statutory definition. 28 U.S.C. § 2412(d)(2)(A). This court cannot believe Congress intended the definitional section to be read exclusively rather than inclusively. In four other circuits, plaintiff's delivery and travel costs would be included within "other expenses." *Jean v. Nelson*, 863 F.2d 759, 776–78 (11th Cir. 1988); *Naekel v. Department of Transportation, FAA*, 845 F.2d 976, 981 (Fed.Cir. 1988); *International Woodworkers of America v. Donovan*, 792 F.2d 762, 767 (9th Cir.1985); *Aston v. Secretary of Health and Human Services*, 808 F.2d 9, 12 (2d Cir.1986).

While this court is bound to follow the law of this circuit as set out in *Weakley*, this court finds that task contrary to the letter and purpose of the statute.

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's counsel is awarded $3,152.09 ($3,106.96 in attorney's fees and $45.13 for printing costs). IT IS FURTHER ORDERED that plaintiff's counsel is entitled to interest on the first fee award for the time on appeal and shall submit a request for further payment if appropriate.