884 F.2d 580
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marilyn NINNESS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-2114.
 United States Court of Appeals, Sixth Circuit.
 Aug. 28, 1989.
 
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and JULIA S. GIBBONS,* District Judge.
 PER CURIAM.
 
 
 1
 Marilyn Ninness appeals the district court's denial of her claim for social security disability insurance benefits. We affirm the judgment of the district court.
 
 
 2
 Ninness filed an application for disability insurance benefits on July 11, 1986. The Social Security Administration denied her application initially and on reconsideration. On June 23, 1987, an administrative law judge, following a hearing, denied an award of benefits, finding that Ninness was not disabled because she retained the residual functional capacity for sedentary work. On September 30, 1987, the Appeals Council denied Ninness' request for review, thereby allowing the administrative law judge's decision to stand as the final decision of the Secretary. The decision of the Secretary to deny benefits was affirmed by a magistrate, and, on September 15, 1988, the district court adopted the magistrate's report and recommendation. Ninness now appeals to this court.
 
 
 3
 Ninness was 49 years of age at the time of the administrative hearing and had a tenth grade education. Before the onset of her alleged disability, Ninness had worked as a housekeeper in a hospital and as a waitress in a restaurant. She claimed that she became disabled and unable to work due to pulmonary emphysema, coronary insufficiency and heart disease. At the administrative hearing, Ninness testified that she suffered from breathing difficulties, chest pain, heart palpitations, and migraine headaches. She also admitted that she smoked two packs of cigarettes daily.
 
 
 4
 Ninness performed an exercise stress test in June 1985. Dr. Robert Griffin, Ninness' treating physician, interpreted the test results as equivocal or slightly positive for ischemia.
 
 
 5
 Ninness was hospitalized in July 1985 for severe headaches following angina. Numerous tests were performed during her hospitalization. The results of various neurological tests were essentially normal, and a pulmonary function study revealed a mild obstructive lung disease with small airway disease. Unstable angina, arteriosclerotic heart disease and migraines were diagnosed. Ninness improved with rest, oxygen and sedation and was discharged.
 
 
 6
 Ninness performed a second exercise stress test in November 1985. The test was also equivocal or slightly positive for ischemia.
 
 
 7
 Ninness was hospitalized again in January 1986 due to chest pain, coughing and migraine headaches with nausea. Pulmonary function studies showed mild obstructive lung disease with small airway disease, which was "slightly worse" than in July 1985. Electrocardiograms suggested an old anterior infarction, although chest x-rays were normal. An electroencephalogram was also normal. Ninness improved following drug treatment and was discharged, but she specifically refused to stop smoking. The final diagnosis was migraine, coronary insufficiency, arteriosclerotic heart disease and pulmonary emphysema.
 
 
 8
 Ninness was re-hospitalized in April 1986 for substernal pain and severe headaches. Electrocardiograms showed evidence of ischemia, although a chest x-ray was not remarkable. An echocardiogram showed moderate prolapse of the mitral valve. A pulmonary function test revealed emphysema. Following drug therapy, Ninness' condition improved and she was discharged. Pulmonary emphysema, arteriosclerotic heart disease, coronary insufficiency, migraine and tobacco addiction were diagnosed.
 
 
 9
 In June 1986, Dr. Griffin diagnosed pulmonary emphysema, coronary insufficiency, angina, prolapsing mitral valve and migraine, and noted that Ninness' medical condition was complicated by her continuing to smoke. Griffin stated that Ninness was unable to perform sustained manual labor and should not lift or carry more than fifteen pounds, but also, and somewhat contradictorily, opined that Ninness appeared "chronically disabled" and "unable to work."
 
 
 10
 In July 1986, Dr. Griffin reported that Ninness was suffering from chest pain precipitated by exertion, anxiety, tension and fatigue and that the pain was relieved by rest or by nitroglycerin. Griffin additionally noted that Ninness had no history of myocardial infarction.
 
 
 11
 In September 1986, Dr. Griffin indicated that Ninness' heart condition, emphysema and bronchitis were "deteriorating and getting worse." Pulmonary function studies revealed mild but worsening obstructive lung disease. It was noted that Ninness continued to smoke heavily, which was "partially responsible" for her cough.
 
 
 12
 In April 1987, Dr. Griffin stated that Ninness was "permanently and completely disabled" due to a combination of emphysema, bronchitis and mitral valve prolapse. An echocardiogram showed mitral valve prolapse but normal cardiac function. A multistage exercise test was equivocal or minimally positive for ischemia. Griffin assessed Ninness' ability to perform work-related physical activities, finding that she could sit without limitation and lift or carry five pounds occasionally but should not stand or walk for any number of hours.
 
 
 13
 Following his evaluation of the medical evidence and the testimony of a vocational expert, the administrative law judge concluded that Ninness, although unable to perform her past relevant work, was not disabled because she retained the residual functional capacity for sedentary work. More specifically, the administrative law judge found that, while the medical evidence established that Ninness had arteriosclerotic heart disease with angina and mitral valve prolapse, obstructive pulmonary disease with emphysema and bronchitis, and migraine headaches, she did not have an impairment or combination of impairments listed in or medically equal to one listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.
 
 
 14
 On appeal, Ninness admits that her impairments do not meet the requirements of the listings in 20 C.F.R. Part 404, but contends that the Secretary's decision that she is not disabled because she retains the residual functional capacity to perform sedentary work is not supported by substantial evidence. Relying particularly on the diagnosis of Dr. Griffin, her treating physician, Ninness asserts that she suffers from many impairments, including arteriosclerotic heart disease, angina, migraine headaches, obstructive lung disease with small airway disease, pulmonary emphysema, coronary insufficiency and tobacco addiction, which, although not disabling when considered separately, are disabling when combined together and which preclude her from performing any work. Hurst v. Schweiker, 725 F.2d 53, 55-56 (6th Cir.1984). See also Allen v. Califano, 613 F.2d 139 (6th Cir.1980).
 
 
 15
 Following our review of the record, we conclude that the Secretary's decision that Ninness is not disabled because she retains the residual functional capacity to perform sedentary work is supported by substantial evidence. Substantial evidence means such relevant evidence as a reasonable mind could accept as adequate to support a conclusion. Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 851 (6th Cir.1986). Where substantial evidence supports the Secretary's decision, it is conclusive, even if substantial evidence supports the opposite conclusion. Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n. 4 (6th Cir.1986).
 
 
 16
 Applying the above-cited standard of review to the facts of this case, we affirm the Secretary's decision that Ninness is not disabled because the administrative law judge's finding that the combined effect of Ninness' impairments would not prevent her from performing sedentary work is supported by substantial evidence. The pulmonary function studies of record showed only mild obstructive lung disease. Moreover, Ninness, despite warnings from physicians, continued to smoke two packs of cigarettes daily; this continued smoking must militate against the credibility of her claim of a completely disabling breathing disorder. See Auer v. Secretary of Health and Human Services, 830 F.2d 594, 595 (6th Cir.1987); Sias v. Secretary of Health and Human Services, 861 F.2d 475, 480 (6th Cir.1988). Similarly, Ninness' claim of a totally disabling cardiac impairment is not supported by the objective evidence in the record. The chest x-rays of record were essentially normal. The exercise stress tests of record were equivocal or only slightly positive for ischemia. The echocardiograms of record revealed moderate mitral valve prolapse but normal cardiac function, and Ninness has no history of myocardial infarction. In addition, Ninness has suffered from migraine headaches, but the neurological examinations and electroencephalograms of record were normal. Thus, based upon our review of the objective medical evidence, we cannot overturn as unsupported by substantial evidence the administrative law judge's conclusion that, despite Ninness' "multiple impairments," she is not disabled because she retains the residual functional capacity for sedentary work.
 
 
 17
 Our decision in this case is not altered by the opinion evidence of Dr. Griffin, Ninness' treating physician, who stated that she was permanently and completely disabled. Although the medical opinion of a treating physician is to be given considerable weight, Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980), the treating physician's opinion must be based on sufficient medical data. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir.1984); Shavers v. Secretary of Health and Human Services, 839 F.2d 232, 235-36 n. 1 (6th Cir.1987). In this case, the administrative law judge declined to attach significant weight to Dr. Griffin's opinion in evaluating Ninness' residual functional capacity because Griffin's assertion that Ninness was completely and permanently disabled was not supported by the objective medical evidence, which showed mild obstructive lung disease and normal cardiac function. Following our review of the record, we cannot conclude that the administrative law judge's decision to give relatively little weight to Griffin's opinion is not supported by the evidence. Moreover, Griffin's own assessment of Ninness' functional capabilities appear inconsistent with his diagnosis of permanent and complete disability. In June 1986, Griffin stated that Ninness was unable to perform sustained manual labor and should not lift or carry more than fifteen pounds. In April 1987, Griffin found that Ninness should not stand or walk for any number of hours but that she could sit without limitation and lift or carry five pounds occasionally. Dr. Griffin's assessment of Ninness' ability to perform work-related physical activities is therefore not contrary to the administrative law judge's conclusion that Ninness is not disabled because she retains the residual functional capacity to perform sedentary work.
 
 
 18
 Based on the foregoing reasons, we find that the Secretary's decision that Ninness is not disabled to be supported by substantial evidence. Accordingly, we affirm the decision of the district court to deny Ninness' claim for social security disability benefits.
 
 
 19
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Julia S. Gibbons, United States District Judge for the Western District of Tennessee, sitting by designation