966 F.2d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank E. JAMES, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-1296.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1992.
 
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Frank E. James appeals pro se from a judgment affirming the Secretary's denial of his application for social security disability benefits. His appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 James alleged that he became disabled in 1978, due to chronic asthma. An Administrative Law Judge (ALJ) initially found that he was not disabled, but the Appeals Council remanded the case for further consideration. On remand, the ALJ again found that James was not disabled because he could still perform a significant number of sedentary jobs. This opinion became the final decision of the Secretary on October 11, 1990, when the Appeals Council declined further review. On January 10, 1992, the district court adopted a magistrate judge's recommendation and awarded summary judgment to the Secretary. It is from this judgment that James now appeals.
 
 
 3
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations, nor weigh the evidence.
 
 
 4
 Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted).
 
 
 5
 The ALJ found that James's condition did not meet or equal any of the impairments that are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, before his eligibility for benefits expired in 1984. The testimony of a medical examiner may provide substantial support for a finding that the claimant does not have a listed impairment. See Atterberry v. Secretary of HHS, 871 F.2d 567, 570 (6th Cir.1989). However, the Secretary must find that a claimant is disabled if the medical evidence demonstrates symptoms, signs and laboratory findings which are at least equal in severity and duration to a listed impairment. Land v. Secretary of HHS, 814 F.2d 241, 245 (6th Cir.1986) (per curiam).
 
 
 6
 James first argues that his condition met the requirements of § 3.03A of Appendix 1. That section refers to chronic asthmatic bronchitis resulting in the type of chronic obstructive ventilatory impairment that is described in § 3.02A. A medical examiner stated that all of the available pulmonary function tests indicated that James was not disabled under § 3.03. James argues that the examiner did not consider some of his tests, but the record indicates that none of James's pulmonary examinations satisfied all of the specific requirements § 3.02A at the same time.
 
 
 7
 James also argues that his condition met the requirements of § 3.03B of Appendix 1. That section, in conjunction with § 3.00C, describes severe attacks of episodic asthma which last several hours and require intensive emergency treatment. The ALJ found that the medical evidence did not demonstrate frequent, severe asthma attacks before 1985, even though James's condition got worse after his insured status expired. This finding is supported by the medical examiner's report. James argues that the frequency and severity of his asthma attacks is demonstrated by a hospital admitting note and by the billing records of his treating physician. However, the billing records do not show that James was treated for the kind of severe asthma attacks that are described in §§ 3.03B and 3.00C. Moreover, James's hospitalization for asthma in 1979 does not satisfy his burden under the listing of impairments when it is considered in the light of the record as a whole. See Auer v. Secretary of HHS, 830 F.2d 594, 595-96 (6th Cir.1987).
 
 
 8
 The ALJ found that James could not perform his past work. Thus, the Secretary was required to show that a significant number of jobs were still available to him. A vocational expert at the second administrative hearing testified that James could still perform a significant number of sedentary jobs. However, the expert also stated that James would be totally and permanently disabled if his testimony was fully credited. James argues that the ALJ had found that he was "generally credible" at the first hearing and that the description of his daily activities was essentially the same at both hearings. However, the ALJ's finding that James was not fully credible at the second hearing was not inconsistent with his previous finding because James expanded his testimony on several points that were important to the vocational expert. See Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir.1990).
 
 
 9
 Finally, James argues that General Motors altered his employment records. This argument was not presented to the district court and it will not be considered by this court for the first time on appeal. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.