972 F.2d 346
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Allen ADAMS, Jr., Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-5011.
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1992.
 
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Allen Adams, Jr., a Kentucky resident represented by counsel, appeals the district court's order dismissing the Secretary's denial of social security disability benefits. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). The parties have waived oral arguments.
 
 
 2
 Adams filed an application for social security disability insurance benefits and supplemental security income benefits with the Secretary. Following a hearing, an administrative law judge (ALJ) determined that Adams was not disabled because he had the residual functional capacity to perform a significant number of sedentary jobs in the national economy. The Appeals Council affirmed the ALJ's determination.
 
 
 3
 Adams then filed a complaint seeking judicial review of the Secretary's decision. The district court affirmed the Secretary's decision denying benefits. Adams has filed a timely appeal.
 
 
 4
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989) (per curiam). Adams's allegation of disabling pain is not supported by the record. Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986). The Secretary considered Adams's impairments in combination. See Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 591-92 (6th Cir.1987) (per curiam), cert. denied, 484 U.S. 1075 (1988). The Secretary properly used the medical-vocational guidelines to conclude that Adams was not disabled. See Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir.1990); Cole v. Secretary of Health and Human Services, 820 F.2d 768, 771-72 (6th Cir.1987); Shelman v. Heckler, 821 F.2d 316, 321-22 (6th Cir.1987). Adams's heart condition is not disabling. See Auer v. Secretary of Health and Human Services, 830 F.2d 594, 596 (6th Cir.1987) (per curiam).
 
 
 5
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.