**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 21 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JANNETT S. ALLEN,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security Administration,

      Defendant-Appellee.

No. 99-3249
(D.C. No. 98-CV-4087-SAC)
(D. Kan.)

---

ORDER AND JUDGMENT *

---

Before **TACHA**, **EBEL**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Jannett S. Allen appeals from the denial of social security disability benefits. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review the Commissioner's decision on the whole record to determine only whether the factual findings are supported by substantial evidence and the correct legal standards were applied. *See Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000). We may not reweigh the evidence or substitute our judgment for that of the Commissioner. *See id*.

The facts and a detailed description of the entire administrative record are well stated in the district court's opinion, *see Allen v. Apfel*, 54 F. Supp. 2d 1056 (D. Kan. 1999), and we need not restate them here in detail. Suffice it to say that plaintiff, who was born in 1951, filed a claim for disability benefits on June 27, 1995, alleging that she has been disabled since May 30, 1995, due to heel spurs and "broken" vertebras, which she claimed prevented her from walking or standing more than fours hours at a time. Her claim was denied initially and upon reconsideration.

After a hearing before an administrative law judge (ALJ), the ALJ determined that plaintiff could not return to her past relevant work as a groundskeeper, waitress, or construction worker, but that she retained the residual functional capacity (RFC) to perform work which permitted her to alternate between sitting and standing at will, and which did not require her to lift two to

three pounds more than frequently or to ever lift more than ten pounds. Based on the testimony of a vocational expert (VE), the ALJ determined that plaintiff had the RFC to perform the jobs of cashier, information clerk, food tabulator and security monitor, and that these jobs existed in significant numbers in the local and national economies. The ALJ therefore determined that plaintiff was not disabled and denied benefits at step five of the evaluation sequence. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988). The Appeals Council affirmed the ALJ's decision, making it the Commissioner's final decision. Plaintiff then filed suit in district court, which affirmed the Commissioner's determination. *See Allen*, 54 F. Supp. 2d at 1056.

On appeal, plaintiff claims that the ALJ (1) did not correctly assess her RFC; (2) failed to evaluate properly her complaints of disabling pain; (3) made credibility findings which are not supported by substantial evidence; and (4) posed a hypothetical question to the VE that did not include all of her impairments.

## I. RFC Assessment

Plaintiff first challenges the ALJ's RFC assessment on the ground that the ALJ ignored plaintiff's testimony that she needed to alternate sitting and standing and to lie down and elevate her feet due to fatigue, pain and swelling. *See* Appellant's Br. at 14. In fact, the ALJ's RFC determination did find that,

because of her heel and back pain, plaintiff needed to alternate between sitting and standing at will. *See* Appellant's App. at 18 and 240. [2] With respect to her claimed need to elevate her feet, plaintiff did not report this asserted limitation to any physician, nor does the record contain any medical treatment for this alleged condition. Plaintiff did not include this limitation in her original disability report, nor does this asserted limitation appear consistent with her daily living activities report. The ALJ's RFC determination flows from his assessment of plaintiff's impairments, the medical evidence in the record, and plaintiff's daily living activity report. We find the RFC determination is supported by substantial evidence in the record.

## II. Pain Evaluation

Plaintiff next contends that the ALJ failed to follow the dictates of *Luna v. Bowen*, 834 F.2d 161, 163-66 (10th Cir. 1987) and improperly discounted her complaints of disabling pain. To qualify as disabling, pain must be severe enough to preclude any substantially gainful employment. *See Brown v. Bowen*, 801 F.2d 361, 362-63 (10th Cir. 1986). In evaluating a claim of disabling pain, the ALJ

---

[2] Plaintiff argues for the first time in her response brief that the ALJ's hypothetical to the VE was flawed because it asked the VE to assume that plaintiff had to avoid prolonged sitting and standing, whereas the ALJ's RFC assessment states that plaintiff needs to alternate between sitting and standing at will. This court does not ordinarily review issues raised for the first time in a reply brief. *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000).

must consider (1) whether the medical evidence establishes a pain producing impairment; (2) if so, whether there is at least a loose nexus between the impairment and the claimant's subjective complaints of pain; and (3) if so, whether considering all of the evidence, both objective and subjective, the claimant's pain is disabling. *See Luna*, 834 F.2d at 163. Once it is determined that a claimant has an impairment capable of producing pain, the ALJ must then consider her subjective complaints of pain and decide whether they are credible. *See Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995).

In this case, plaintiff has shown objective medical evidence of a "pain producing impairment," and a loose nexus between the impairment and her pain. However, the objective evidence does not establish disabling pain. Accordingly, the ALJ had to evaluate plaintiff's subjective pain testimony and the other pertinent evidence before him. At the hearing, plaintiff testified that her pain is so intense that she can only walk five feet, sit for twenty-two seconds and stand in one place for twenty seconds. *See* Appellant's App. at 226. The ALJ found that plaintiff's "statements as to her pain and limitations are not consistent with the evidence of record which would appear to document a far greater physical and mental capacity than she . . . testified to." *Id.* at 17. In reaching his conclusion, the ALJ considered and discussed plaintiff's medical history, including the lack of objective medical evidence, the lack of any ongoing medical treatment for her

pain, and the lack of medication for severe pain; her July 1995 daily living activity report, in which she reported cooking all of her own meals and doing two hours of daily housecleaning without assistance; and her continued participation in a cosmetology class since January 1994.

Contrary to plaintiff's assertion, the ALJ did not ignore *Luna* and discount her pain allegations based solely on a lack of supporting objective medical evidence. The ALJ was entitled to consider that claimant had not sought medical treatment for pain since June 1995, at which time she complained of foot pain after four hours of standing, rather than twenty seconds as she claimed at the administrative hearing. "[T]he extensiveness of the attempts [medical or nonmedical] to obtain relief [and] the frequency of medical contacts" are relevant factors in evaluating the plaintiff's subjective pain complaints. *Kepler*, 68 F.3d at 391 (quotation omitted).

Plaintiff contends the ALJ erred in not discussing the side effects of the pain medication she was prescribed after her heel spur surgery, which she testified made her nauseated. The only indication in the record that she discussed side effects from pain medication with her doctors is a January 1995 treatment note stating that a full tablet of Dolobid was too strong a dosage for plaintiff, and recommending that she take only half a tablet. *See* Appellant's App. at 138. Subsequent medical notes indicate that plaintiff's foot problems had improved,

that she was "doing nicely," and was "not taking any more of the Dolobid." *Id*. at 137. We conclude the ALJ's implicit rejection of her testimony was proper. *See Qualls*, 206 F.3d at 1372 (holding that *Kepler* does not require a formalistic factor-by-factor recitation of the evidence).

### III. Credibility Determination

Plaintiff also contends that, in assessing the credibility of her complaints of disabling pain, as well as her complaints of fatigue, depression and related memory and concentration problems, the ALJ's credibility findings are not supported by substantial evidence in the record. *See Kepler*, 68 F.3d at 391. Plaintiff first argues the ALJ erred by considering her attendance at cosmetology school and her efforts to find work. However, the ALJ relied on numerous factors in making his credibility determination, and the fact that claimant was able to attend cosmetology school and was looking for work were not the only factors he took into consideration in assessing her credibility. *See Gay v. Sullivan*, 986 F.2d 1336, 1339 (10th Cir. 1993) (while not conclusive, such activities as school attendance may be considered, along with medical testimony, in determining the right of a claimant to disability benefits).

Plaintiff also contends the ALJ erred in considering as a factor in his credibility determination the fact that she has not been told by any doctor "that her medical conditions would prevent her from engaging in work activity."

Appellant's App. at 17. She claims the ALJ erroneously shifted the step five burden of proof by relying on the absence of evidence. This is not, however, a situation in which the absence of evidence is made to serve as substantial evidence to meet the Commissioner's burden at step five, *cf. Thompson v. Sullivan*, 987 F.2d 1482, 1491 (10th Cir. 1993), but rather one in which the relevant medical evidence in the record simply does not support plaintiff's claim of disabling pain. *See Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990) (medical records must be consistent with nonmedical testimony as to severity of pain).

Relying on our decisions in *Weakley v. Heckler*, 795 F.2d 64, 66 (10th Cir. 1986) and *Teter v. Heckler*, 775 F.2d 1104, 1107 (10th Cir. 1985), plaintiff also argues that the ALJ erroneously considered her failure to take pain medication in the absence of evidence that plaintiff had been prescribed pain medication and that it would have restored her ability to work if she had taken it. Plaintiff's reliance on these decisions is misplaced, because both involved the circumstances under which an ALJ may deny benefits because a claimant has refused to follow prescribed treatment. Here, the ALJ did not deny plaintiff benefits on the ground she failed to follow prescribed treatment, but rather, "the ALJ properly considered what attempts plaintiff made to relieve [her] pain--including whether [she] took pain medication--in an effort to evaluate the veracity of plaintiff's contention that

[her] pain was so severe as to be disabling." *Qualls*, 206 F.3d at 1372 (citing *Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991) and *Luna*, 834 F.2d at 165-66).

Plaintiff further argues that the ALJ erred in considering whether her lack of medical treatment for her pain and chronic fatigue problems is due to insufficient funds. The only evidence in the record concerning plaintiff's ability to pay for medical treatment is a notation in the treatment notes relating to her June 1996 medical evaluation for a stiff neck stating that plaintiff could not afford to have a thyroid scan. The record contains no evidence plaintiff sought medical treatment for her claimed disabling pain or for her claimed sleep and chronic fatigue problems, but was refused for an inability to pay. *See Murphy v. Sullivan*, 953 F.2d 383, 386-87 (8th Cir. 1992) (holding failure to seek low-cost medical treatment and lack of evidence claimant had been denied medical care because of financial condition supported determination that claimant's financial hardship was not severe enough to justify failure to seek medical treatment).

Plaintiff contends the ALJ erred in considering that she had not sought recent medical treatment for her claimed fatigue and depression because a person suffering from a mental impairment, particularly depression, may not recognize the need for treatment. Plaintiff relies upon *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996), which noted that claimants with mental health concerns

often do not seek help at the first sign of a problem.  In the instant case, however, unlike *Nguyen*, the ALJ did consider plaintiff's complaints of disabling fatigue and depression, which were not consistent with the treatment record nor with a consulting psychologist's contemporaneous assessment of plaintiff's condition. The plaintiff underwent a consultative psychological examination, and was diagnosed with mild depression, most likely of long-standing duration, but the consulting psychologist concluded that plaintiff was not significantly depressed and was capable of being retrained and placed in a job.  The ALJ found that plaintiff's depression was mild and did not impose any degree of functional limitations on plaintiff's daily activities, social functioning, task mastering, or work abilities.  We conclude the ALJ's assessment of plaintiff's depression and fatigue is closely and affirmatively linked to substantial evidence.  *See Winfrey v. Chater*, 92 F.3d 1017, 1020 (10th Cir. 1996).

In the remainder of plaintiff's claims, she essentially disagrees with the weight the ALJ gave to the relevant factors.  We, however, may not reweigh the evidence on appeal.  "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence."  *Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990).  In evaluating the credibility of plaintiff's allegations of disabling pain, fatigue and depression, the ALJ considered the kinds of factors

found to be appropriate in *Luna* and *Hargis*, and he recited what specific evidence he relied on in considering those factors, as required by *Kepler*. The ALJ applied the correct legal standards in evaluating plaintiff's subjective allegations and his determination on this matter is supported by substantial evidence in the record.

IV.  Hypothetical

Finally, plaintiff contends the ALJ's hypothetical question to the VE was flawed because he failed to include the fact that she is blind in her left eye.[3] Plaintiff has had reduced vision in her left eye since she was five or six years old, and is able to see only shapes and forms with that eye. *See* Appellant's App. at 211-12.  She retains 20/20 vision in her right eye, however. *Id.* at 212.  With this vision problem, plaintiff was able to work as a groundskeeper, which included computer work preparing inventory and material safety data sheets, and as a waitress and construction worker.  There is no evidence that her reduced vision in one eye interfered with her ability to work.  Nor did plaintiff claim her vision impairment as a contributing cause of disability when she applied for

---

[3]   In the "Summary of the Argument" portion of her brief, plaintiff mentions that the ALJ's hypothetical was flawed because it did not include her claimed bending and stooping restrictions or her claimed need to lie down and elevate her feet. *See* Opening Br. at 11.  Plaintiff did not, however, argue either of these issues in her arguments relating to the ALJ's hypothetical. *See id*. at 30-32. An issue listed, but not argued in the brief on appeal, is waived. *See Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1231 (10th Cir. 1990).

benefits. The ALJ found that plaintiff's vision impairment in the left eye did not qualify as a disabling condition because plaintiff's vision in the right eye has been preserved. *Id.* at 15. His assessment that plaintiff's blindness in one eye would have a minimal effect on her ability to work is supported by evidence that she worked for many years despite her condition. *See Auer v. Secretary of Health & Human Servs.*, 830 F.2d 594, 596 (6th Cir. 1987) ("[claimant's] blindness in one eye has little effect on the disability determination given his past work history").

The vocational expert testified she had reviewed the medical exhibits in the file and had heard plaintiff's testimony at the hearing. Moreover, plaintiff's testimony about her reduced left eye vision and her unimpaired right eye vision immediately preceded the ALJ's hypothetical question posed to the VE. *See* Appellant's App. at 239-40. Thus, although the ALJ did not expressly include this limitation in his hypothetical, we conclude that "[t]he fact the vocational expert was present and heard testimony concerning [plaintiff's vision impairment in one eye] suggests that the effect of the error, if any, in the administrative law judge's (ALJ) hypothetical, was minimal." *Diaz*, 898 F.2d at 777.

We have carefully reviewed the entire record, the parties' arguments, and the relevant law. For substantially the same reasons as set forth in the district court's opinion dated June 17, 1999, *see Allen*, 54 F. Supp. 2d 1056, we conclude that the Commissioner's decision is supported by substantial evidence on the

whole record and comports with the relevant legal standards.  The judgment of the

United States District Court for the District of Kansas is AFFIRMED.


                                        Entered for the Court



                                        David M. Ebel
                                        Circuit Judge